David Akintimoye #225110
Certified Consumer Bankruptcy Specialist
(American Board of Certification)
13800 Heacock Street, Suite D113
Moreno Valley, CA 92553
Tel: 951-656-5777
Fax: 951-656-2999
Email:dakintimoye@yahoo.com

Proposed Bankruptcy Counsel for
Herman Kayemba Mukasa
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION**

| | |
|---|---|
| In re | ) Case No.: 10-49524-CB |
| | ) |
| HERMAN KAYEMBA MUKASA | ) <u>Chapter 11</u> |
| | ) **DEBTOR'S MOTION PURSUANT TO** |
| | ) **SECTION 363(c) OF THE BANKRUPTCY** |
| | ) **CODE AND RULE 4001(b) OF THE** |
| | ) **FEDERAL RULES OF BANKRUPTCY** |
| | ) **PROCEDURE FOR INTERIM AND** |
| | ) **FINAL ORDERS AUTHORIZING USE** |
| | ) **OF CASH** |
| | ) **COLLATERAL;MEMORANDUM OF** |
| | **POINTS AND** |
| | **AUTHORITIES;DECLARATION OF THE** |
| | **DEBTOR IN POSSESSION** |

**To The Hon. Catherine Bauer, United States Bankruptcy Judge; The Office of the United States Trustee (Riverside); Secured Creditors of record holding cash collateral; The Twenty largest unsecured parties; All Interested parties and their attorney of record:**

   The debtor and debtor in possession Herman Kayemba Mukasa, by his attorney of record in this case, will move the court for an order permitting the debtor-in-possession to use cash collateral to pay in part for the first mortgages, taxes and insurance of the real properties listed in this motion

   This motion is made under the authority of Bankruptcy Code, § 363. This motion is based upon the accompanying notice of motion, the declaration of the debtor and memorandum of

Motion to use cash collateral - 1

points and authorities, the pleadings, records and files in this case, including the debtor's petition, schedules and statement of affairs and such oral and documentary evidence as may be represented at the hearing on the motion.

Opposing parties are advised that Local Bankruptcy Rule 9013-1(a)(7) requires a formal response at least 14 days before the hearing unless this matter is heard on shortened notice. Papers not timely filed and served may be deemed by the court to be consent to the granting or denial of the motion, as the case may be. The moving papers on the motion are accompanied by a proof of service in a form specified by the Local Bankruptcy Rules.

Dated this January 18, 2011

/s/David Akintimoye

David A. Akintimoye
Attorney for Debtor-in-possession

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Debtor-in-possession Herman Mukasa ("Debtor"), by his attorney of record in this case, hereby submits this Memorandum of points and authorities in support of his motion for an order authorizing the debtor-in-possession to use cash collateral pursuant to Section 363 of the Bankruptcy Code.

### A. **STATEMENT OF FACTS**

The debtor in possession filed this chapter 11 case on 12/08/2010.

The debtor listed 5 houses including his primary residence and 10 vacant lands in his Schedule A filed with the court. All the houses are encumbered and under water or upside down. None of the vacant lands are encumbered. The Debtor's Schedule D showed that all the 5 houses are encumbered. 3 out of the 5 houses have junior liens on them and rents from them are also assigned to the lenders or lien holders under the underlying deed of trusts. Please see the table below

Motion to use cash collateral - 2

| Name of Lender | Monthly mortgage amount | Property used as security | Rent |
|---|---|---|---|
| Aurora Loan | $1844.15 (1st mortgage) | 19933 San Luis Rey, Riverside | $1895.00 |
| Wells Fargo | $695.00 (2nd mortgage) | Same property as above | Same |
| Bank of America | $3,100 (1st Mortgage) | 19137 Sanvitalia St. Riverside | ($0) |
| Bank of America | $200.00 (2nd mortgage) | Same as above | $0 |
| GMAC Mortgage | $2040.00 (1st mortgage) | 19938 Silvercrest Lane | $1700.00 |
| JP Morgan Chase | $250.00 (2nd mortgage) | Same as above | same |

As shown above, the debtor in possession requests the court to authorize him to use the rents obtainable from the above properties to pay the first mortgages, taxes and insurance premiums on each of the properties as they become due.

B. **The Relief Requested is Authorized by 11 U.S.C. §363**

Section 363 of the Bankruptcy Code governs the Debtor's use of property of its estate. A debtor in possession has all the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363 of the Code. 11 U.S.C. § 1107(a). Section 363 (c)(2) establishes a special requirement with respect to "cash collateral", by providing that the trustee or debtor in possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless (i) such entity that has an interest in such collateral consents or (ii) the court, after notice and a hearing, authorizes such use, sale or lease.

The definition of "Cash Collateral" is found in 11 U.S.C. §363(a). Post petition rents cannot be treated as cash collateral unless the parties' prebankruptcy agreement created a "security interest" in the amounts paid as "rent". See § 552(b)(1) of the Code.

Under California law, a post 1996 written assignment of an interest in rents, issues or profits from real property creates only a security interest regardless of form- i.e. even if the assignment purports to convey "absolute" title or ownership of the rents not conditioned on default. See Cal. Civil Code §2938(a). All the deeds of trust involved in this motion (exhibits D-F) were created after 1996 and they relate to real properties in Riverside County, California.

Motion to use cash collateral - 3

The Court may determine, after notice and a hearing, that the interest of all parties claiming an interest in the cash collateral are adequately protected. See 11 U.S.C. §§§ 363(c)(2)(B),(c)(3) and (e). It is universally acknowledged that the debtor's cash "is the life blood of the business" and the bankruptcy court must assure that such life's blood "is available for use even if to a limited extent". *In re Mickler,* 9 B.R. 121,123 (Bankr. M.D. Fla. 1981). Courts typically authorize a debtor to use cash collateral to continue its operation so long as the interests asserted by affected creditors in such cash are adequately protected. There is no prejudice to creditors Wells Fargo Bank N.A., Bank of America, and JP Chase Morgan if they allow the Debtor-in-possession to utilize the best use for the properties and generate the most returns thereby preserving the estate and providing the best assurance of adequate protection for the secured creditors.

In accordance with Bankruptcy Code, §363(c)(B), Debtor's request that this court authorize and approve the Debtor's use of cash collateral for the payment of operating expenses as set forth in this motion. In order to remain in possession of the properties and continue business activities with respect to the ownership and management of income producing real estate, and in an effort to achieve successful reorganization, the Debtor must be permitted to use cash collateral in ordinary business operations as an owner of income producing real estate. As confirmed by the moving declaration on this motion, the Debtor currently has no present alternative borrowing source from which the Debtor can secure additional funding to operate the properties in question.

Specifically, the Debtor's require the use of cash collateral for the payment of certain operating expenses such as first mortgages held by first lien holders on each of the three properties and any insurance and or taxes that may become due.   The Debtor's believe that the expenses listed on the budget are reasonable and necessary business expenses which must be paid in order to continue using the parcels of real property as residential property and maintain that property in habitable condition as required by California law.

It is the Debtor's position that in the event this court does not authorize the Debtor's use of cash collateral, the Debtor will be unable to operate business on the real properties, and propose a plan of reorganization as contemplated by the Bankruptcy Code. Debtor urge that without the use of cash collateral, there will be seriously and irreparably harmed, resulting in significant losses to the debtor's estate and its creditors, because the Debtor's will no longer be able to maintain the properties as income producing.

In filing this motion, the Debtor does not admit that the secured creditors hold valid, perfected or enforceable mortgage liens or security interests in and to any of the pre-petition collateral and the Debtor does not waive the right to contest the validity, perfection or enforceability of the secured creditors' alleged pre-petition liens and security interests in and to any such property.

This motion is brought pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure. Pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, Debtors request the court to conduct a preliminary hearing prior to the expiration of 14 days following the service and filing of this motion and that the court authorize the use of that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The moving declaration of the Debtor sets forth those monthly expenses which must be paid from cash collateral in order to maintain and preserve the income producing property comprising the debtor's estate.

Debtor's request for interim relief is made pursuant to Local Bankruptcy Rule 4000 1-2(e) and (f). Debtors do not seek an order permitting the use of cash collateral that will include any of the provisions described in subsections (b)(1)-(7) of Local Bankruptcy Rule 4000 1-2.

Dated this January 18, 2011

/s/David Akintimoye
David A. Akintimoye
Debtor's attorney

Motion to use cash collateral - 5

## DECLARATION OF HERMAN KAYEMBA MUKASA IN SUPPORT

I, Herman Kayemba Mukasa declare as follows:

1. I am the debtor and debtor-in-possession in this case. I have personal Knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

2. I give this declaration in support of my motion as debtor-in- possession for permission to use cash collateral.

3. My bankruptcy estate consists of five developed or improved parcels of land described as single family residences. I have other 10 vacant lands and some personal property.

4. Attached hereto by way of "Exhibit A" is a true copy of schedule A to my Chapter 11 petition. Schedule A describes the five separate houses and the 10 vacant lands that I own along with my opinion as to the current fair market value of each parcel of real property. Attached hereto and marked as "Exhibit B" is a true copy of schedule D to my Chapter 11 petition which schedule identifies the secured creditors who hold liens on each of the parcels of real property comprising the debtor's estate. Based upon the current fair market values of the five improved real properties, all secured junior lien-holders including those that will be affected by this motion are not secured at all as set forth in schedule "D".

5. The debtor listed 5 houses including his primary residence and 10 vacant lands in his Schedule A filed with the court. All the houses are encumbered and under water or upside down. None of the vacant lands are encumbered. The Debtor's Schedule D showed that all the 5 houses are encumbered. 3 out of the 5 houses have junior liens on them and rents from them are also assigned to the lenders or lien holders under the underlying deed of trusts. Please see the table below

Motion to use cash collateral - 6

<u>Name of Lender</u>   <u>Monthly mortgage amount</u>   <u>Property used as security</u>   <u>Rent</u>

Aurora Loan     $1844.15 (1st mortgage)     19933 San Luis Rey, Riverside   $1895.00

Wells Fargo     $695.00 (2nd mortgage)     Same property as above     Same

Bank of America  $3,100(1st Mortgage)     19137 Sanvitalia St. Riverside  ($0)

Bank of America   $200.00 (2nd mortgage)       Same as above           $0

GMAC Mortgage     $2040.00 (1st mortgage)     19938 Silvercrest Lane     $1700.00

JP Morgan Chase       $250.00 (2nd mortgage)    Same as above       same

As shown above, the debtor in possession requests the court to authorize him to use the rents

obtainable from the above properties to pay the first mortgages, taxes and insurance premiums

on each of the properties as they become due

     6. Attached hereto, marked as "Exhibit CI and C2" and incorporated by this

reference, are two separate schedules that I prepared setting forth the income that I derive from

each rental house and the expenses that I incur on a monthly basis

with respect to the maintenance, repair and upkeep for each rental house along with a statement

of the monthly mortgage obligation and the obligation for real property taxes broken down on a

monthly basis.  I personally prepared Exhibit "C1 and C2''from the books and records that I

maintain with respect to the income and expenses

for each of the five developed real properties. I have prepared the summary statement of monthly

expenses based upon bills and invoices that I receive from the various third party providers for

goods and services that I use in connection with the maintenance, repair and upkeep of the

subject properties. The Income statement that I set forth in exhibit "CI and C2" for each parcel of

real property is the monthly income that I derive from tenants who occupy the real properties.

     7.   I propose that the cash collateral that I derive in the form of rents from the rental

houses located at San luis Rey and Silvercrest Lane be used to pay only first mortgage, taxes and

insurance premiums. Although, the second and junior lien of Bank of America on the Sanvitalia Street includes an assignment of rent clause, no rent is actually received on the property because it is my primary residence.

8.   It is my opinion that the expenses I propose to pay from cash Collateral are necessary in order to maintain the properties in habitable condition for tenant occupation.  I propose that any net income after payment of the schedule of expenses will be deposited into my separate bank account.

9.   I propose to use all of the business income from the property for the Payment of monthly expenses as set for in Exhibit "C1 and C2" hereto. The name and address of each entity having an interest in the cash collateral are set forth in schedule "D" to my Chapter 11 petition.

10.   Prior to the filing of this motion, I made repeated efforts to communicate with each of the mortgage holders in order to try to negotiate a stipulation regarding the use of cash collateral. However, given current economic conditions, it appears that the mortgage holders are inundated with mortgage defaults and it has been impossible for me to speak with anybody in authority to approve a proposed cash collateral stipulation. As a result, debtor has been forced to resort to filing this motion with service of the moving papers on the motion being made on each of the mortgage holders, as set forth in the proof of service attached to this motion. Debtor has attempted to contact each affected mortgage lien holder at the telephone numbers appearing on debtor's mortgage statements. To date, debtor has been unable to speak with anybody in a position of authority to address issues regarding the use of cash collateral during the pendency of this Chapter 11 case.

11. In the alternative, the junior lienholders' consent to use the cash collateral as stated in this declaration may not be necessary because I intend to file a motion to avoid the underlying liens under Section 506 of the Code on the basis that they were wholly unsecured.

12. I currently have no alternative borrowing source from which I can secure additional loan to operate the properties and pay the monthly expenses in order to maintain the properties in habitable condition as residential property. I do not want to have tenants move out or not to pay their monthly rent. I will rely upon the rents from the said properties to propose a plan of reorganization in this case. Further, I do not want to risk a claim or lawsuit that I am not maintaining the real properties in habitable condition.

13. It is my opinion that the expenses listed in the attachments hereto are reasonable and necessary business expenses which must be paid in order to continue to own, operate and maintain the residential parcels of real property as set forth in the petition and schedules in this case.

14. The attachments hereto are financial records that I prepared in the Ordinary course of our business of operating the subject real properties. The sources of information are reliable because they represent the actual expenses that I incur on a regular basis for the operation, repair and maintenance of the real properties. The information that I used to prepare the exhibits hereto is information I use in preparing federal and state income tax returns. I have submitted a copy of my most Recent state and federal income tax returns to the office of the United States Trustee as part of the 7-Day package of information.

15. The rental incomes from the real properties are one of my sources of income. I have also disclosed my salary or wages in schedule I and if necessary, I will use part of it to fund a chapter 11 plan.

16. By this motion, I do not seek to bind the estate or other parties in Interest with respect to the validity, perfection or amount of the secured creditor's pre-petition liens or the waiver of claims against the secured creditors.

17. By this motion, I do not seek to waive or limit the estate's right Under 11 U.S.C.§ 506(c).  By this motion, I do not seek to grant to the pre-petition secured creditor any liens on any of the debtor's claims or causes of action.

19. By this motion, I do not seek to grant any secured creditor cross-collateralization protection or any other provisions identified in Local Form F4001-2.

20. I attached to this declaration the following additional exhibits:

*"Exhibit D"- Certified copy of a deed of trust held by Wells Fargo Bank, N.A. on the real property located at 19933 San Luis Rey Lane, Riverside CA. 92508.

"Exhibit E"- Certified copy of a junior deed of trust held by Bank of America on the 19137 Sanvitalia Street, Riverside CA 92508. (It was originally held by Mountain West Financial Inc. and MERS)

"Exhibit F"- Certified copy of a junior deed of trust held by JP Morgan Chase Bank in respect of the real property located at 19938. (It was originally held by MERS and Landamerica Lender Services).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Motion to use cash collateral - 10

Executed on January 19, 2011 at Moreno Valley, California 92553

*[signature]*

Herman Kayemba Mukasa
Debtor in possession

\*Exhibit D: Wells Fargo filed a proof of claim on 12/24/2010 in the above case. The attached deed of trust specifically states that it was a junior lien and the assignment-of-rent clause is in paragraph 12 of the deed of trust.