David Akintimoye #225110
Certified Consumer Bankruptcy Specialist
(American Board of Certification)
13800 Heacock Street, Suite D113
Moreno Valley, CA 92553
Tel: 951-656-5777
Fax: 951-656-2999
Email: attorneydavidakintimoye@yahoo.com
Herman Kayemba Mukasa

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| HERMAN KAYEMBA MUKASA | Case No. 10-10-49524-CB |
| Debtor. | MOTION FOR ORDER SETTING VALUE OF REAL PROPERTY AND TO AVOID JUNIOR AND SECOND LIEN OF JPMORGAN CHASE BANK, N.A.: MEMO OF POINTS AND AUHORITIES AND DECLARATION OF THE DEBTOR |
| | (11 U.S.C.§506(a) and 1123(b)(5); FRBP 3012) |
| | Date: March 1, 2011
Time: 2:00 p.m.
Place: 3420 Twelfth Street, Riverside CA 92501
Ctrm: 303 |

Debtor and debtor in possession Herman Kayemba Mukasa will move the court for an order avoiding the lien of the second trust deed of JPMorgan Chase Bank, N.A. from the debtor's rental real property located at 19938 Silvercrest Lane, Riverside CA 92508 (which legal description is Lot 34 of Tract No. 20393, as shown by map on file in Book 223 Pages 41 through 43 of Maps, Records of Riverside County)), under 11 U.S.C §506 on the basis that said lien is wholly unsecured.

DEADLINE TO FILE ANY OPPOSITION

Pursuant to Local Bankruptcy Rule 9013-1(7) any opposition to this Motion must be filed and served on debtor and debtor's counsel no less than 14 days prior to the above hearing date.

-1-

Failure to file and serve a timely response to this motion may result in a waiver of your right to oppose the Motion and the Court may grant the requested relief without further notice to you.

## JURISDICTION

The court has the jurisdiction to hear this matter pursuant to 28 U.S.C § 157 and 11 U.S.C. §1123(b) (5), in that debtor Herman Kayemba Mukasa in this chapter 11 is an interested party and have the standing to bring this motion.

## FACTS

The case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on December 8, 2010. At the time the debtor owned and leased the real property located at 19938 Silvercrest Lane, Riverside CA 92508. The fair market value of the real property at the time the petition was filed was $236,240.00.

The real property secured two loans. The first loan is secured by a deed of trust held by GMAC Mortgage Services in the amount of $308,661.97 based on the statement from the lender dated 12/20/2010. The statement on the first deed of trust held by the GMAC Mortgage Services is hereby attached and marked as "exhibit A", and incorporated by reference.

The second loan is secured by a second trust deed held by JPMorgan Chase Bank, N.A. in the amount of $65,000.00 based on Schedule D filed by the debtor in this case and a certified copy of a deed of trust held by JPMorgan Chase Bank, NA. A copy of that schedule is attached, marked as "exhibit B", and incorporated by reference. A certified copy of the second deed of trust held by JPMorgan Chase Bank, N.A. is attached and marked as "Exhibit C", and incorporated by reference.

///

///

## MEMO. OF POINTS AND AUTHORITIES

Under Section 506(a) of the United States Bankruptcy Code, the debtor can bifurcate an undersecured creditor's claim into secured and unsecured claims. The secured portion is secured to the extent of the value of the collateral used as security for the loan and the unsecured portion is treated as an unsecured non-priority loan or claim under the debtor's chapter 11 plan.

-2-

§1123(b)(5) provides that a chapter 11 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims".

The real property involved is the rental property of the debtor and the debtor does not live on it. Hence, § 1123(b)(5) and 506(a) allow the debtor to treat the lien of JPMorgan Chase Bank, N.A. as wholly unsecured for the purpose of chapter 11 plan confirmation.

In the present case, the value of the real property as of the date of the filing of the petition was $236,240.00. The balance on the first lien held by GMAC Mortgage Services is $308,661.97. Therefore, the balance on the second and junior lien of JPMorgan Chase Bank, N.A. in the amount of $65,000.00 is wholly unsecured. I submit that the second lien of the bank can be avoided or stripped off under §1123(b) (5).

WHEREFORE, THE Debtor requests the court to make the following findings and orders:

  i. The debtor's rental property is valued at no more than $ 236,240.00 based on the declaration of the debtor.

  ii. Before the discharge, no payments are to be made on the secured claim of the junior lien holder JPMorgan Chase Bank, N.A.; maintenance payments are not to be made.

  iii. The claim of the junior lien holder JPMorgan Chase Bank, N.A. is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

  iv. The junior lien holder on the deed of trust shall be allowed as a non-priority general unsecured claim in the amount per Proof of Claim filed and allowed. The Debtor in possession may treat any claim on the debt (secured or unsecured) filed by the junior lien holder as unsecured upon entry of this

-3-

order.

v. In the event that the holder of the first deed of trust on the rental real estate of the debtor forecloses on its interest and extinguishes the junior lien holder's lien rights prior to the Debtor's completion of the chapter 11 plan, or receipt of a chapter 11 discharge, the junior lien holder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

/s/David Akintimoye

Attorney for the debtor

**DECLARATION OF DEBTOR HERMAN KAYEMBA MUKASA IN SUPPORT OF HIS MOTION TO LIENSTRIP SECOND DEED OF TRUST HELD BY WELLS FARGO BANK, N.A.**

I, Herman Kayemba Mukasa, hereby declare as follows:

1. I am the debtor in the herein chapter 11 bankruptcy petition. I have personal knowledge of the facts set forth below and if called upon to testify, I can and will competently testify thereto.

2. My chapter 11 bankruptcy was filed on December 8, 2010.) I own the rental real estate located at 19938 Silvercrest Lane, Riverside CA 92508 (which legal description is Lot 34 of Tract No. 20393, as shown by map on file in Book 223 Pages 41 through 43 of Maps, Records of Riverside County).

3. Prior to filing of the Chapter 11 petition, I checked the value of comparable properties near my residence in terms of size, number of bedrooms, amenities, etc. and checked recent sales of properties similar to my in the area. Based on the comparables, I believe my property has a value of $236,240.00

4. My Schedule D listed the two deeds of trust held against our residence by first lien and second lien holders GMAC Mortgage Services and JPMorgan Chase Bank, N.A respectively.

5. The rental real property secured two loans. The first loan is secured by a deed of trust held by GMAC Mortgage Services in the amount of $308,661.97 based on the statement from the lender dated 12/20/2010.  The statement on the first deed of trust held by the GMAC Mortgage Services is hereby attached and marked as "exhibit A", and incorporated by reference.

 6. The second loan is secured by a second trust deed held by JPMorgan Chase Bank, N.A. in the amount of $65,000.00 based on Schedule D filed by the debtor in this case and a certified copy of a deed of trust held by JPMorgan Chase Bank, NA. A copy of that schedule is attached, marked as "exhibit B", and incorporated by reference. A certified copy of the second deed of trust held by JPMorgan Chase Bank, N.A. is attached and marked as "Exhibit C", and incorporated by reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this January 26, 2011

/s/Herman Kayemba Mukasa

Herman Kayemba Mukasa

-5-